Louis L. Friedman, J.
An application for a certificate of incorporation is submitted for approval. The purposes of the proposed corporation are stated to be as follows: “ Civic, charitable, political and to engage in such undertakings, which are beneficial to all mankind and to the City and State of New York.”
These purposes take in a great deal of territory and the court is unable to approve a certificate which is so broad in its nature. If it is to be a charitable corporation, then the court should be made aware of the means which will be used to raise funds and how those funds are to be administered. It may very well be that if the purposes of a charitable corporation are clearly and properly set forth, that the certificate may require the consent of the Department of Social Welfare. If it is to be purely a political association, and if it is to become affiliated with any one of the recognized political parties, then the consent of the chairman of the county committee of that party must be annexed. The phrase that the corporation is “to engage in such undertakings, which are beneficial to all mankind and to the City and State of New York ” is so broad and requires so much interpretation, that the court may not sanction the formation of a *584 corporation which has such broad aspects, and which may to accomplish such purposes, find it necessary to obtain consents of various departments having jurisdiction. For instance, it may be beneficial to mankind to have a new insurance company set up, and in such instance the Department of Insurance would have to supervise this corporation. Or the organization may find it beneficial to open a bank, and such a step would require supervision of the Superintendent of Banks. The purposes must be more clearly set forth in the proposed certificate and the court declines to approve the present certificate as submitted.